THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AKUMA-EZE : AKUMA,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF NEW JERSEY<br>COMMISSIONER OF THE DEPARTMENT<br>OF LABOR AND WORKFORCE<br>DEVELOPMENT, et al.,<br><br>        Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 07-1058 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Defendants' motion to dismiss and/or for summary judgment [Docket Item 12]. THIS COURT FINDS AS FOLLOWS:

    1. Plaintiff Akuma-Eze: Akuma, proceeding pro se, worked for Com-Pak, Inc. until March 13, 2006, when he was laid off. (Compl. ¶ 6.) Plaintiff filed for unemployment benefits under the New Jersey Unemployment Compensation Act (the "NJUCA"), N.J.S.A. 43:21-19(c)(1), and was found to be eligible to receive the maximum amount of such benefits, which he began receiving on March 19, 2006. (Yarbrough Aff. ¶¶ 4-5.) Plaintiff exhausted the quantity of benefits for which he was eligible under the NJUCA – $13,104.00 in total – on September 16, 2006, when the final benefits on Plaintiff's claim were distributed. (Id. at ¶ 3.)

    2. Plaintiff applied for additional benefits on September

28, 2006, but was found to be ineligible for additional benefits by a Deputy at the unemployment insurance claims office.  (Compl. ¶ 7.)  Rather than filing an administrative appeal of this decision as is provided by the NJUCA's provisions for administrative and judicial review, N.J.S.A. 43:21-6(b)(1), Plaintiff wrote a letter to Defendant Socolow, Commissioner of the New Jersey Department of Labor and Workforce Development (the "NJDLWD"), "explaining [the] situation and [asking] for him to do something about it."  (Compl. ¶ 8.)  Plaintiff received a response to his letter from Pricilla Carrano, Assistant Commissioner of the NJDLWD, on October 26, 2006, explaining the reasons why Plaintiff was ineligible for additional unemployment benefits.  (Id. at ¶ 9.)

    3.  On November 30, 2006 – more than fifty days after N.J.S.A. 43:21-6(b)(1)'s period for filing an administrative appeal expired, and more than two weeks after the period for filing an appeal of the administrative decision with the Appellate Division expired, see N.J. Ct. R. 2:4-1(b) – Plaintiff wrote another letter to Defendant Socolow "demanding a hearing (due process)."  (Compl. ¶ 10.)  Plaintiff and various NJDLWD personnel corresponded by letter and telephone regarding Plaintiff's unemployment benefits over the ensuing months, until March 1, 2007, when Plaintiff filed the Complaint in this lawsuit.

4. In his Complaint, Plaintiff alleges that the determination of the NJDLWD that he was ineligible for additional unemployment benefits violated his procedural due process rights under the Fourteenth Amendment.[1] (Id. at ¶ 5.) Defendants subsequently filed the motion to dismiss and/or for summary judgment presently under consideration. On March 17, 2008, the Court issued a Letter Order [Docket Item 15] informing the

---

[1] Plaintiff has also alleged that Defendants violated the International Convention on the Elimination of All Forms of Racial Discrimination and the International Covenant on Civil and Political Rights. These claims are unsustainable. As numerous courts have recognized, neither of these treaties creates a private right of action:

> "The International Covenant on Civil & Political Rights . . . does not give rise to a private cause of action" because it is not self-executing, nor has Congress passed appropriate enabling legislation. Jocham v. Tuscola County, 239 F. Supp. 2d 714, 730 (E.D. Mich. 2003) (citing United States v. Duarte-Acero, 296 F.3d 1277, 1283 (11th Cir. 2002)) . . . . Neither does the International Convention on the Elimination of All Forms of Racial Discrimination give rise to a private right of action. Johnson v. Quander, 370 F. Supp. 2d 79, 101 (D.D.C. 2005).

Rotar v. Placer County Superior Court, No. 07-0044, 2007 WL 1140682, at *1 (E.D. Cal. Apr. 17, 2007).
    Additionally, Plaintiff alleges in passing that Defendants committed fraud, but makes no specific allegations as to the nature of the alleged fraud. A party alleging fraud "must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), in order "to place the defendant on notice of the precise misconduct with which it is charged." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (internal quotations and citations omitted). Plaintiff's pleadings manifestly fail to satisfy this heightened standard, and, to the extent that the Complaint asserts a claim of fraud, that claim will accordingly be dismissed.

parties that it intended to treat Defendants' submission as a motion for summary judgment and affording Plaintiff twenty days to submit any evidence in opposition to Defendants' motion. Plaintiff has not submitted any such evidence.[2]

5. The Court agrees with Defendants that they are entitled to summary judgment as to Plaintiff's claim that they violated his procedural due process rights. Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3] Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that

---

[2] The only submission Plaintiff has filed in opposition to Defendants' motion is an affidavit setting forth the hundreds of millions of dollars in relief to which he believes he is entitled [Docket Item 13].

[3] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id.
If the nonmoving party fails to oppose the motion by evidence such as written objection, memorandum, or affidavits, the court "will accept as true all material facts set forth by the moving party with appropriate record support." Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990) (quoting Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989)). If the nonmoving party has failed to establish a triable issue of fact, summary judgment will be granted only if "appropriate" and if movants are entitled to a judgment as a matter of law. Fed. R. Civ. Proc. 56(e); see Anchorage Assocs., 922 F.2d at 175.

party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

6. Defendants have argued, and the Court agrees, that they are entitled to summary judgment as to Plaintiff's procedural due process claim because Plaintiff failed to take advantage of the processes New Jersey makes available to claimants who are dissatisfied with the NJDLWD's determinations regarding eligibility for unemployment benefits.[4]  As the Court of Appeals has explained,

> [i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate.  "[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982).  A due process violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." Zinermon v. Burch, 494 U.S. 113, 126 (1990).  If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants. See McDaniels v. Flick, 59 F.3d 446, 460 (3d Cir. 1995).

---

[4]  To be clear, the Court does not agree with Defendants that Younger abstention is called for in this case, since the initial determination of Plaintiff's eligibility was not made at a judicial or quasi-judicial proceeding. See New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 369 (1989).

Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (some citations omitted).

    7.  New Jersey has a "process on the books that appears to provide due process," id., of which Plaintiff simply failed to avail himself.  Under the NJUCA, a claimant who is dissatisfied with a determination of benefits eligibility is entitled to file an administrative appeal to an Appeal Tribunal, before which tribunal the claimant may be represented by counsel and may cross-examine witnesses.  N.J.S.A. 43:21-6(b)(1), 43:21-17(b).  The decision of the Appeal Tribunal is, in turn, appealable to the Board of Review, N.J.S.A. 43:21-6(e), and the final decision as to a claimant's entitlement to benefits is appealable to the Appellate Division under N.J. Ct. R. 2:2-3(a)(2).

    8.  Although he claims in this action that New Jersey failed to provide him with due process, Plaintiff failed to take advantage of the processes and procedural protections described above, deciding instead to file this lawsuit.  "[S]ince [Plaintiff] never invoked the . . . processes available to him, which appear facially adequate, [this Court] will not hold that this [process] would have been unavailing (in procedure, if not in substance), absent concrete evidence supporting such a contention."  Alvin, 227 F.3d at 117.  Plaintiff has adduced no such evidence.

    9.  Because a plaintiff must have taken advantage of the

processes that were available to him in order to maintain a claim alleging a failure to provide due process, id. at 116, and because Plaintiff's remaining allegations fail to state a claim for which relief may be granted,[5] the Court will grant Defendants' motion for summary judgment.  The accompanying Order will be entered.

**September 17, 2008**                          s/ Jerome B. Simandle
Date                                            JEROME B. SIMANDLE
                                                United States District Judge

---

[5] See Note 1, supra.